UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| ISAIAH LUTHER MERCER, ) | |
| a/k/a "LOVEY" ) | NO. 03-cr-19- Erie |

## DEFENDANT'S PRE-TRIAL MOTIONS

AND NOW, comes the defendant, Isaiah Luther Mercer, by and through his attorney, Gene P. Placidi, Esquire, and respectfully submits the following Pre-Trial Motions, averring in support thereof as follows:

### STATEMENT OF FACTS

1. The defendant is charged by federal indictment at the above term and number with one count of Possession With Intent to Distribute 50 Grams or more of Cocaine Base, a scheduled 2 controlled substance.

2. Based on the indictment, the defendant files the following pre-trial motions.

### MOTION FOR DISCOVERY

3. Based on the authorities herein cited and authorities cited in the accompanying Memorandum, defendant requests pretrial discovery of the following:

   a. Any and all statements by any witnesses or participants favorable to defendant, see Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968);

   b. The names and addresses of any and all witnesses favorable to the defense, whether they have provided statements or not, and whether the government intends to call them at trial or not, see United States v. Wilkins, 326 F. 2d. 135 (2nd Cir. 1964);

c. Any and all specific evidence which detracts from the credibility or probative value of the testimony or evidence intended to be used by the prosecution, see United States v. Biberfeld, 957 F.2d 98 (3rd Cir. 1992); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965); United States v. McCrane, 527 F.2d 906 (3rd Cir.), reaffirmed on remand 547 F.2d 204 (3rd Cir 1975); United States ex rel. Marzeno v. Gengler, 574 F.2d 730 (3rd Cir. 1978); this request includes, but is not limited to, any documents, transcripts, motions or other materials alleging or evidencing that misstatement, dishonesty or untruthfulness made by defendants or attorneys in other cases or by agents or law enforcement officers or attorneys who have worked with the witness on other cases, see United States v. Deutsch, 475 F.2d 55, 57-58 (5th Cir. 1974); United States v. Perdomo, 929 F.2d 967 (3rd Cir. VI. 1991), United States v. Austin, 492, F. Supp. 502, 505-06 (N.D. Ill. 1980);

d. Any and all promises or representations made to a government witness, including, but not limited to immunity, preferential treatment, payments or promises of payments or leniency, see Giglio v. United States, 405 U.S. 150 (1972), United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986), United States v. McCrane, supra;

e. Any and all prior contradictory statements given by any prosecution witness, see Giles v. Maryland, 386 U.S. 66 (1967);

f. Any materials, documents or exhibits which contain exculpatory matter within the purview of Brady v. Maryland, 373 U.S. 83 (1963); United States v. Bagley, 473 U.S. 667 (1985); Kyles v. Whitley, 514 U.S. 419 (1995), in the government's possession or may by the exercise of due diligence be accessible to the government witness, or an informant in this case whom the government does not intend to call or a witness, has acted as a

cooperating individual and the location and identity of any criminal filing resulting from that cooperation;

g. Any and all joint venturers and/or accomplices and/or persons otherwise considered to be co-conspirators, although no conspiracy is charged, statements, whether indicted or unindicted, which the government intends to introduce at trial where these statements would be attributable to defendant under Federal Rules of Evidence 801 (d)(2)(E), see United States v. Agnello, 367 F. Supp. 444, 448 (E.D.N.Y. 1973), United States v. Mays, 460 F. Supp 573, 581 (E.D. Tex. 1978), United States v. Konefal, 566 F. Supp. 698 (N.D.N.Y. 1983);

h. A list of all government witnesses anticipated to be called at trial. Defendant would submit that a particularized need for a prior notice of the witnesses in that counsel would be handicapped in investigating witnesses backgrounds during trial, see, United States v. Richter, 488 F.2d 170 (9th Cir. 1973); accord to United States v. Pastor, 419 F.Supp. 1318 (S.D.N.Y. 1975), see also United states v. Addonisio, 451 F.2d 49 (3rd Cir. 1971); United States v. McCrane, supra;

i. Any and all negative exculpatory statements, i.e. statements of informed witnesses that do not mention the defendant, see Jones v. Jago, 575 F.2d 1164 (6th Cir 1978);

j. Any and all evidence showing government witnesses; biases, narcotic habit, psychiatric treatment, or other evidence showing lack of competency, impartiality or credibility, see Giglis v. United States, supra; and generally, United States v. Fowler, 465 F.2d 664 (D.C. Cir. 1972);

k. The criminal records, if any, of any prospective prosecution witnesses, informants, joint venturers, accomplices or unindicted co-conspirators, see United States v. Curry, 278 F.Supp. 508 (N.D. Ill. 1967), and;

    l.    The nature and existence of any electronic surveillance utilized by state or federal officers in the investigation of this case, including logs, reports, inventories, applications, affidavits orders of court, transcripts, and other documents generated in connection with the electronic surveillance in this case, whether or not pursuant to state or federal law, see Title 18, U.S.C. § 3504; United States v. Vielguth, 502 F.2d. 1257 (9th Cir. 1974); In re: Lochiatto, 497 F.2d 803 (1st Cir. 1974), followed in the 3rd Circuit by In re: Harkins, 624 F.2d 1160 (3rd Cir. Pa. 1980).

**WHEREFORE**, the defendant prays this Honorable Court, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, enter an Order directing the attorney for the government to turn over to defendant all of the information requested as well as any and all information that may be deemed exculpatory.

## MOTION FOR SUPPRESSION

4. At the time the City of Erie Police stopped the defendant's vehicle on February 23, 2003 in the parking lot of the Holiday Inn Express, the City of Erie Police did not have reasonable suspicion based on articuable facts that the defendant was engaged in criminal activity and/or in possession of a weapon.

5. At the time the City of Erie Police stopped the defendant's vehicle on February 23, 2003 in the parking lot of the Holiday Inn Express, the City of Erie Police did not have probable cause to stop the defendant's vehicle and/or place the defendant under arrest.

6. At the time the City of Erie Police approached the defendant's vehicle with guns drawn, on February 23, 2003 in the Holiday Inn Express parking lot, the City of Erie Police did not have reasonable suspicion based on articuable facts to order the defendant and occupant out of the vehicle and do a pat down.

7. At the time the City of Erie Police approached the defendant's vehicle with guns drawn, in the Holiday Inn Express parking lot, the City of Erie

4

   Police did not have probable cause to place the defendant and/or the occupant under arrest and search the defendant.

8. All evidence seized from the illegal stop and detention of the defendant on February 23, 2003 in the parking lot of the Holiday Inn Express and the subsequent arrest of the defendant was obtained from the defendant in violation of the Fourth Amendment to the United States Constitution. Thus, all evidence seized at that time must be suppressed.

9. Following the illegal stop, detention and subsequent arrest of the defendant, the defendant was transported to the City of Erie Police Station.

10. After placing the defendant under arrest and transporting him to the City of Erie Police Station, the City of Erie Police went to 2511 German Street, and without the consent of the owner of the residence, and/or a search warrant removed the safe allegedly belonging to the defendant from the said residence.

11. At all times relevant hereto, the defendant had a privacy interest in the residence at 2511 German Street, Erie, Pennsylvania.

12. The removal of the safe without a search warrant and/or the consent of the owner of the premises will violated the defendant's rights under the Fourth Amendment to the United States Constitution.

13. Consequently, all evidence seized from the safe must be suppressed.

14. Even assuming, arguendo, that the defendant did not have a privacy interest in 2511, German Street, Erie, Pennsylvania, it is clear that the defendant did have a privacy interest in the safe removed from the said residence.

15. At no time did the City of Erie Police have a search warrant to open the safe and/or obtain the consent of the defendant to open the safe.

16. Consequently, the admission of any evidence seized from opening the safe without a search warrant and/or the consent of the defendant will violate the defendant's rights under the Fourth Amendment of the United States Constitution.

17. Consequently, all evidence seized from the safe must be suppressed.

**WHEREFORE,** the defendant respectfully requests that the Court suppress any and all evidence illegally removed from the defendant and/or the occupant of the vehicle stopped on February 23, 2003 in the parking lot of the Holiday Inn Express, along with any and all evidence seized from the safe removed from 2511 German Street, Erie, Pennsylvania on February 23, 2003.

## MOTION TO SUPPRESS STATEMENTS

18. The defendant was "in custody" at the time City of Erie Police approached his vehicle with guns drawn in the parking lot at the Holiday Inn Express on February 23, 2003.

19. Consequently, prior to any questioning of the defendant, the defendant should have been read his Miranda rights.

20. It is believed and therefore averred that the first time the defendant was given Miranda warnings was at approximately 3:08 a.m. on the morning of February 24, 2003 at the City of Erie Police Station.

21. Consequently, any and all statements made by the defendant in the parking lot of the Holiday Inn Express on February 23, 2003 and while being transported to the City of Erie Police Station must be suppressed since the admission of any and all statements will violate the defendant's rights under Fifth Amendment to the United States Constitution.

22. It is believed and therefore averred that the defendant was further questioned at the City of Erie Police Station upon his arrival and prior to

6

being read his Miranda rights at approximately 3:08 a.m. on the morning of February 24, 2003.

23. Obviously, the defendant was "in custody" at the City of Erie Police Station.

24. Consequently, any and all statements made by the defendant prior to being read his Miranda rights at 3:08 a.m. on February 24, 2003 at the City of Erie Police Station must be suppressed since admission of the said statements will violate the defendant's rights under the Fifth Amendment to the United States Constitution.

**WHEREFORE**, the defendant respectfully requests that the Court enter an Order suppressing any and all statements made by the defendant from the time he was ordered out of his vehicle in the Holiday Inn Express parking lot on February 23, 2003 until the time he was mirandized at the City of Erie Police Station at approximately 3:08 a.m. on the morning of February 24, 2003.

## MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT

25. In addition to those items requested in discovery, pursuant to Federal Rule of Criminal Procedure 16, United States v. Giglio, 92 S.Ct. 763 (1972), Brady v. Maryland, 373 U.S., 83 (1963), and Napue v. Illinois, 79 S.Ct 1173 (1959), the defendant respectfully request the Court to order the government to disclose the following information:

    a. The names of any and all reporting persons, informants, or witnesses providing information to law enforcement regarding this case. See Roviaro v. United States, 77 S.Ct. 623 (1957).

    b. Any and all promises of payment written or oral made to such persons as part of this or any other case in which they have provided information.

  c. All promises of any benefit written or oral made to such persons.

  d. All promises of immunity, leniency, preferential treatment or other inducements made to such person as part of this case or any other case in which they have provided information.

  e. All writings or memoranda which contain any of the promises of remuneration, leniency, immunity, preferential treatment or other inducements made.

  f. Any record of payment of local, state or federal funds made to such persons.

  g. All information regarding such person's prior testimony in this or any other proceeding in which they have acted as a witness and/or informant. <u>Johnson v. Brewer,</u> 521 F.2d 556 (8th Cir. 1975); and

  h. All evidence of such person's psychiatric treatment, if any, or any other addiction or propensity to use or abuse controlled substances. <u>United Sates v. Lindstrom,</u> 697 F.2d 1154 (11th Cir. 1983); <u>United States v. Fowler,</u> 465 F.2d 664 (D.C. Cir.972).

  **WHEREFORE**, the defendant respectfully requests this Honorable Court to order the government to produce the above requested information.

## MOTION FOR GOVERNMENT AGENTS AND STATE AND LOCAL LAW ENFORCEMENT OFFICERS TO RETAIN ROUGH NOTES AND WRITINGS

  26. Defendant respectfully requests this Honorable Court to enter an Order requiring all government agents and state and local law enforcement officers who investigated the charges in this case to retain and preserve all rough notes and writings which are arguable producible to the defense pursuant to Title 18, U.S.C. § 3500, Rule 26.2 F.R. Crim P. or <u>Brady v. Maryland,</u> 373 U.S. 83 (1963); <u>United States v. Soto</u>, 711 F.2d 1558 (11th Cir.Fla. 1983) or which may be used by the defense for impeachment purposes (including materials to assist in cross-examination pursuant to Federal Rule of Evidence 806) which notes and

8

writings were made part of the investigation notwithstanding that the contents of said notes or writing may be incorporated in office records, reports, or memoranda. This motion is made so that the trial court can determine whether disclosure of the notes is required under <u>Brady v. Maryland, supra</u>, Rule 26.2, F.R. Crim,P., or Title 18 U.S.C. § 3500.

**WHEREFORE**, the defendant respectfully requests an order requiring government agents, state and local law enforcement officers to retain all rough notes and writings made during the investigation of this case.

## MOTION TO DISCLOSE AND EXCLUDE UNCHARGED MISCONDUCT EVIDENCE

27. The government may offer in its case in chief evidence of other crimes, wrongs or acts of uncharged misconduct of the defendant.
28. The subject evidence may be offered pursuant to Rule 404(b) so as to show opportunity, intent, plan knowledge or scheme.
29. Under Rule 403 of the Federal Rules of Evidence, such evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or considerations of undue delay, waste of time or needless presentation of cumulative evidence.
30. Defendant is entitled to know of the government's intention to use such evidence in order to obtain witnesses and evidence in rebuttal and to properly prepare defenses.
31. Defendant is without sufficient knowledge of the specific evidence the government may intend to offer so as to allow a comprehensive evaluation as to its admissibility under Rule 404(b).
32. The government has not provided discovery materials to the defendant concerning any Rule 404 evidence.
33. Without the opportunity to review and investigate the Rule 404(b) evidence, defendant is exposed to the danger of undue prejudice which may outweigh its probative value.

**WHEREFORE**, defendant requests this Honorable Court conduct a pretrial hearing concerning the proposed use of Rule 404 (b) evidence and Order the government to provide defendant with Rule 404 (b) and discovery relevant thereto prior to said hearing.

## MOTION FOR EARLY DISCLOSURE OF JENCKS MATERIALS

34. Defendant, upon information and belief, anticipates that testimonial evidence will be presented against him at trial by witnesses who have previously made written and/or oral statements related to their trial testimony.

35. Such oral or written statements are commonly referred to as "Jencks" material.

36. In the interests of due process of law effective assistance of counsel and fair and efficient conduct of trial, early disclosure of Jencks materials is necessary.

**WHEREFORE**, defendant respectfully requests this Honorable Court issue and Order requiring the government to disclose any and all Jencks materials prior to trial.

## MOTION FOR NOTICE BY THE GOVERNMENT OF INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION

37. Pursuant to Federal Rule of Criminal Procedure 12(d)(2), defendant respectfully requests notice of the government's intention to use any evidence at trial during its case in chief which may reasonable be considered the object of or the basis for a pretrial motion to suppress, including but not limited to the following forms of evidence:
    a. Oral or written statement made by the defendant;
    b. Documents or objects either seized from the person, house, car or effects of the defendant or in which defendant my claim a possessory interest or show a reasonable expectation of privacy;

10

      c. Extra judicial eyewitnesses identification of defendant in any form;

      d. Conversations intercepted by electronic or other devices to which the defendant is a party;

      e. Oral or written statements of co-defendants implicating defendant in the offense charge;

      f. Any statements of co-conspirators mentioning the defendant which are clearly in furtherance of the conspiracy or clearly within the term of the conspiracy.

38. If the government used any type of electronic surveillance, including but not limited to wire taps, tracing devices, intercepted oral communications or any type of listening devices defendant requests disclosure of such information.

**WHEREFORE**, it is respectfully requested that his Honorable Court move the government to disclose its intention which will be of consideration for a motion to suppress.

## MOTION TO PRESERVE EVIDENCE

39. Defendant requests this Honorable Court issue an Order directing the government to preserve, unaltered, all evidence, including surveillance logs and notes or reports by law enforcement officers, which may relate to this case and to give counsel reasonable notice of the prospective unavailability of any witness herein and reasonable opportunity to interview, and secure compulsory process as to such witness.

40. By this motion defendant seeks not to discover evidence but merely to assure its preservation and resultant availability for discovery and trial.

41. The granting of this motion will thus further the truth-seeking process and contribute to the efficient administration of justice.

**WHEREFORE**, the defendant respectfully requests this Honorable Court issue an Order requiring the government to preserve, unaltered, all evidence, including

surveillance logs and notes by law enforcement officers, which may relate to this case, and give defendant's counsel reasonable notice of the prospective unavailability of any witness herein and reasonable opportunity to interview, and secure compulsory process as to such witness.

## MOTION TO EXCLUDE EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS

42. Defendant believes, and therefore avers, that the government may attempt to introduce prior convictions into evidence against him in the event that he should testify in his own defense at the time of trial.

    Regarding these convictions, under Rule 609(a) of the Federal Rules of Evidence, only crimes that "involved dishonesty or false statements" are to be admitted as impeachment evidence without the exercise of discretion. As to other crimes, they are admissible "only" if the crime was a felony, "and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant." (Emphasis added). This rule has two effects applicable to the case:

    > a. The court must balance the probative value of the prior convictions against their prejudicial effect because the conviction is not a crime of <u>crimen falsi.</u>

    Cf <u>United States v. Smith</u>, 551 F.2d 348, 360-65 (D.C. Cir. 1976). (Robbery is not a crime involving dishonesty or false statement within the meaning of Rule 609 (a)(2). See also, <u>Government of the Virgin Islands v. Toto,</u> 529 F.2d 278, 281-82 (3rd Cir. 1976) (Discussion of contours of <u>crimen falsi</u>: Petty larceny is not crimen falsi); <u>Government of the Virgin Islands v. Testmark</u>, 528 F.2d 742, 743 (3rd Cir. 1976); <u>Green v. Bock Laundry</u> <u>Machine Co</u>., 490 U.S. 504 (1989); <u>Diggs v. Lyons</u>, 741 F.2d 577 (E.D.-Pa. 1976) cert denied 777 U.S. 1078, 105 S.Ct. 2157, 85 L.Ed.2d 513 (1985) (Bank robbery was analyzed under 609 (a)(1); <u>United States</u>

v. Gatto, 746 F.Supp. 432, 473 (D.N.J. 1990) reversed on other grounds 942 F.2d 491 (Armed robbery held not to be a crime of crimen falsi).

    b. The government has the burden of showing that the relevance of a prior conviction out-weighs its prejudicial effect to the defendant, United States v. Trejo-Zambrano, 582 F.2d 460, 465 (9th Cir. 1978); United States v. Smith, supra, 551 F.2d at 558-60; United States v. Paige, 464 F.Supp 99 (E.D. Pa. 1978.

43. Defendant submits that any prior convictions are irrelevant for any legitimate evidentiary purpose, Federal Rules of Evidence 403 and 404 (b), and that their introduction into evidence will do nothing but prejudice the jury against him. United States v. Cook, 608 F.2d 1175, 1187 (9th Cir. 1979) (en banc) ("Normally the court should err on the side of excluding a challenged prior conviction, with a warning to the defendant that any misrepresentation of his background on the stand will lead to admission of the conviction for impeachment purposes."); United States v. Paige, 464 F.Supp. at 101 ("Justice requires that use of the prior conviction be disallowed unless the government shows strong justification.") (emphasis added)

44. Defendant requests that this court make its ruling on the matters contained in this motion prior to trial in order to avoid surprise at trial, and to allow defendant to make an intelligent decision whether to testify on his own behalf and because a hearing and ruling on the motion before trial will be less burdensome on the jury. Federal Rule of Evidence 103; United States v. Provenzano, 620 F.2d 985, 1000n. 22 (3rd Cir. 1980); followed by United States v. Jemal, 26 F.3d 1267 (3rd Cir. N.J. 1994); see also United States v. Cook, supra, 608 F.2d at 1183-86; United states v. Gatto, 746 F.Supp.432 (D.N.J. 1990) reversed on other grounds 942 F.2d 491.

**WHEREFORE**, for the reasons and upon the authority cited, defendant respectfully requests this Honorable Court enter an order ruling that his prior convictions are not admissible in the trial of this case, and in the alternative, defendant requests that the court hold a hearing to balance the prejudicial effect of the prior convictions against their probative value and make its ruling on the matters contained in this motion before the trial of this case.

## MOTION FOR LEAVE TO FILE ADDITIONAL PRE-TRIAL MOTIONS

45. Defendant has in the within motion requested additional information and/or discovery regarding the matters set forth in the indictment in this case. Defendant's receipt of said information may give rise to additional pre-trial motions.

**WHEREFORE**, defendant requests this Honorable Court grant him leave to file additional pre-trial motions as may become necessary upon receipt of additional information and/or discovery.

Respectfully submitted,

/s/ Gene P. Placidi
Gene P. Placidi, Esq.
Attorney for Defendant
502 West Seventh Street
Erie, Pennsylvania 16502
(814) 459-5557