**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Docket No. 03-CR00019-001 Erie |
| ISAIAH LUTHER MERCER | ) |

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

AND NOW, comes the defendant, Isaiah Luther Mercer, by and through his attorney, Gene P. Placidi, Esquire, and files the following Objections to the Presentence Investigation Report, in accordance with the United States Sentencing Guidelines (U.S.S.G.) Manual, 6 A 1.2, being in support thereof as follows:

**PART A**

**THE OFFENSE CONDUCT**

1. Regarding paragraph 8 of the Presentence Investigation Report, the Defendant denies that the safe found at 2511 German Street, Erie, PA contained 14 ounces of crack cocaine. To the contrary, it is believed and therefore averred that the safe contained 4 baggies of crack cocaine weighing approximately 1 ounce each.

2. Regarding paragraph 9 of the Presentence Investigation Report, the Defendant acknowledges that there was a total of approximately 157.97 grams of crack cocaine seized from the person of the Defendant, the person of Sharise Fletcher, and the safe at 2511 German Street, Erie, Pennsylvania. However, at the Defendant's change of plea, the Government indicated to the Court that the total weight of crack cocaine attributable to the Defendant was 138 grams.

3. Regarding paragraph 14 of the Presentence Investigation Report, as stated in the above paragraph, the total amount of cocaine base attributed to the Defendant is 138 grams and not 157.97 grams. Consequently, the offense level specified in the Drug Quantity Table under U.S.S.G. § 2D1.1(c)(7), sets a base offense level of 32.

4. Regarding paragraph 22 of the Presentence Investigation Report, after the adjustment for the Defendant's acceptance of responsibility, 2 points, and the adjustment for the Defendant's timely notification to authorities of his intention to enter his plea of guilty, 1 point, the Defendant's adjusted offense level should be 29 instead of 31.

**PART C**

**PERSONAL AND FAMILY DATA**

5. Regarding paragraph 35 of the Presentence Investigation Report, the Defendant's father's name was Isaiah Sims not Isaiah Mercer. Isaiah Sims passed away in 197 4. The Defendant's mother's maiden name was Lathan. The Defendant's mother was first married to Lonnie Mercer and then married the Defendant's father, Isaiah Sims. After the Defendant's father passed away in 1974, the Defendant's mother never remarried.

6. Regarding paragraph 39 in the Presentence Investigation Report, the Defendant denies that he ever reported to the Probation Office that he had been using the name of Mark Moore while living in New Castle, Pennsylvania. However, the Defendant did report to the Probation Office that he had been using the name Mark Moore while living in York, Pennsylvania

      and Detroit, Michigan.  Further, the Defendant advised the Probation Office that while living in York, Pennsylvania,   he worked for 2 years under the name of Mark Moore.  The Defendant denies that at the time of his arrest on the bench warrant that he possessed a Michigan driver's license that reflected the name of William Mercer with the date of birth June 24, 1959.  The Defendant does state that he does have a brother by the name of William Mercer.  Further, the Defendant denies that at the time of his arrest on the bench warrant that he claimed to be Ron Davis when first questioned by United States Marshals.

7. Regarding paragraph 43 of the Presentence Investigation Report, although the Defendant reported to the Probation Office that he was in the Army from 1971 to 1973 or 1974, he did not state that he received an "honorable discharge".  To the contrary, the Defendant advised the Probation Office that his discharge was "less than honorable".

8. Regarding paragraph 44 of the Presentence Investigation Report, the Defendant did tell the Probation Office that he previously worked as a chef.  However, the Defendant never told the Probation Office that he worked as a chef for 10 years prior to being arrested on these charges.  To the contrary, as indicated in paragraph 45 of the Presentence Investigation Report, the Defendant advised the Probation Office that he worked as a chef in the restaurant he owned and operated in Erie, Pennsylvania named King's Food Castle.  Further, as previously stated, the Defendant told the Probation Office

that he worked for 2 years in York, Pennsylvania under the name of Mark Moore.

9. Regarding paragraph 45 of the Presentence Investigation Report, the Defendant denies that he ever told the Probation Office that he was employed in Lawrence County, Pennsylvania or Detroit, Michigan using the alias "Mark Moore".  As stated, the Defendant told the Probation Office that while living in York, Pennsylvania he worked under the name of Mark Moore.

10. Regarding paragraph 46 of the Presentence Investigation Report, the Defendant denies that he ever told the Probation Office that he owned and operated his own telemarketing agency called RMH in 2001 and 2002 under the business name of "Mark Moore" in York, Pennsylvania.  To the contrary, the Defendant told the Probation Office that he worked at RMH in 2001 and 2001 under the name of Mark Moore.  RMH was a telemarketing firm doing work on  behalf of different banks.

## PART D

## SENTENCING OPTIONS

11. Regarding paragraph 49 of the Presentence Investigation Report, for the reasons stated in the paragraphs 3 & 4 above, the Defendant states that his total offense level should be a 29 with a criminal history category of III, therefore the advisory guideline for imprisonment is 108 to 135 months, pursuant to U.S.S.G. § Chapter 5, Part A (Sentencing Table).

        Respectfully submitted,

        s/ Gene P. Placidi, Esq.
        _____

        Gene P. Placidi, Esq.
        Attorney for Isaiah L. Mercer

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) **Docket No. 03-CR00019-001 Erie** |
| **ISAIAH LUTHER MERCER** | ) |

**CERTIFICATED OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendant's Objections to Presentence Investigation Report was served upon the following by hand delivery, or ECF on this 27th day of October, 2006 to the parties listed below.

Christian A. Trabold
Assistant U. S Attorney
Federal Courthouse
Room A330
17 South Park Row
Erie, Pennsylvania 16501

Matthew Rea
United States Probation Officer
Federal Courthouse 17 South Park Row
Room A110
Erie, PA 16507-0598

s/ Gene P. Placidi, Esq.
_____
Gene P. Placidi, Esq.
Attorney for Defendant