IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 03-19 Erie |
| | ) |
| ISAIAH LUTHER MERCER, | ) |
| a/k/a "Lovey" | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., J.

      Presently pending before the Court are the following documents filed by Defendant, Isaiah Luther Mercer: (1) Motion to Reduce Term of Imprisonment [Doc. No. 35]; (2) Motion to Modify an Imposed Term of Imprisonment Pursuant to Title 18 § 3582 [Doc. No. 36]; and (3) a letter dated September 14, 2009, which the Court has construed as a Motion to Modify Sentence [Doc. No. 40]. For the reasons set forth below, the Motions will be denied.

      On July 31, 2006, Defendant pled guilty to possession with intent to distribute fifty (50) grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). See [Doc. No. 30]. Defendant was subsequently sentenced by the Court on November 17, 2006 to a term of imprisonment of 120 months, and was further ordered to serve five years of supervised release and to pay a special assessment in the amount of $100.00. See Judgment [Doc. Nos. 32 and 33]. Defendant did not file an appeal.

      On November 23, 2007 and January 30, 2008, Defendant filed motions seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), due to a later amendment to the United States Sentencing Guidelines ("U.S.S.G."). See Motions [Doc. Nos. 35 and 36]. On September 21, 2009, Defendant filed a third motion further seeking a modification of his sentence in order to allegedly donate a kidney to his son. See Motion [Doc. No. 40]. The Government has filed a Briefs in opposition and the matter is now ripe for our determination.

      Defendant's motions are based upon Amendment 706, which became effective November 1, 2007 and was later made retroactive, effective March 3, 2008, under the authority granted to

the U.S. Sentencing Commission pursuant to 18 U.S.C. § 3582(c)(2).[1]  Amendment 706 generally reduced the base offense levels in U.S.S.G. § 2D1.1(c) for crack cocaine offenses.  See United States v. Robinson, 2008 WL 2578043 at *1 (W.D.Pa. 2008) (noting that the crack amendment decreased the base offense levels applicable to specific weights of cocaine base).  Section 3582(c)(2) allows a court to modify a previously imposed sentence when the Sentencing Commission lowers a sentencing range that was used to determine the defendant's sentence and a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission."  See 18 U.S.C. § 3582(c)(2); United States v. Wise, 515 F.3d 207, 221 (3rd Cir. 2008).  Under the applicable Sentencing Commission policy statement, a reduction in the defendant's term of imprisonment is not authorized under § 3582(c)(2) where "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  See U.S.S.G. § 1B1.10(a)(2)(B).

Defendant first contends that he is eligible for a reduction of his sentence under § 3582(c)(2) because his base offense level would be reduced by two levels under the Amendment.  See Defendant's Motion pp. 2-3 [Doc. No. 36].  However, a reduction of his sentence is not authorized because Defendant was sentenced to a mandatory minimum sentence required by statute and Amendment 706 "does not have the effect of lowering the defendant's applicable guideline range."  See U.S.S.G. § 1B1.10(a)(2)(B); see also United States v. Doe, 564 F.3d 305, 311-12 (3rd Cir. 2009) (holding that although the defendants' initial guideline ranges were lowered by Amendment 706, they were subsumed by mandatory minimum sentences and were thus unaffected by the Amendment); United States v. Paulk, 569 F.3d 1094, 1095-96 (9th Cir. 2009) (holding that a defendant sentenced pursuant to a statutory mandatory minimum is not entitled to a reduction of his sentence under Amendment 706); United States v. Williams, 551 F.3d 182, 185 (2nd Cir. 2009) ("Once the mandatory minimum applied, [the defendant's] sentence was no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'"); United States v. Poole, 550 F.3d 676, 679 (7th Cir. 2009) ("The Application Note confirms that Amendment 706 does not have the effect of lowering [the

---

[1] The Sentencing Commission made the crack amendment retroactive by including it in the list of retroactive amendments in § 1B1.10 of the Guidelines.

defendant's] guideline range because the range applicable to her by operation of law was the statutory minimum term."); United States v. Burton, 2009 WL 1765848 at *2 (W.D.Pa. 2009) (holding that the defendant was not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because he was sentenced to a statutory mandatory minimum term of imprisonment).

In addition to grounds set forth in § 3582(c)(2), Defendant further seeks a reduction in his sentence in order to allegedly donate a kidney to his son. See Motion p. 1 [Doc. No. 40]. Generally, a district court may not alter a term of imprisonment once it has been imposed. United States v. Wise, 515 F.3d 220 (3rd Cir. 2008). The remaining exceptions to this general rule, however, are set forth in 18 U.S.C. § 3582(c)(1), which provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (I) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; ...

18 U.S.C. §3582(c)(1); United States v. Higgs, 504 F.3d 456, 464 (3rd Cir. 2007).

Section 3582(c)(1)(A) is not implicated in this case since the Bureau of Prisons has not filed a motion seeking a reduction. See Homick-Van Berry v. Nelson, 2008 WL 687258 at *5

(D.N.J. 2008) (holding that court was not authorized to reduce defendant's sentence so she could donate a kidney because the Bureau of Prisons had not filed a motion for a reduction of her sentence).  Likewise, § 3582(c)(1)(B) fails to provide Defendant with any grounds for relief.  Rule 35(a) of the Federal Rules of Criminal Procedure provides in pertinent part that the court may correct an arithmetical, technical, or other clear error in its sentence within seven days after the imposition of the sentence.  Fed.R.Crim.P. 35(a).  Because the seven-day time period is jurisdictional, see Higgs, 504 F.3d at 464; United States v. Colaizzi, 2007 WL 3120423 at *1 (W.D.Pa. 2007), we lack jurisdiction to reduce Defendant's sentence.  Finally, Rule 35(b) does not apply since the Government has not filed a motion to reduce the Defendant's sentence.

Accordingly, on this 28th day of October, 2009, and for the reasons set forth above,

IT IS HEREBY ORDERED that Defendant's Motion to Reduce Term of Imprisonment [Doc. No. 35] is DENIED; Defendant's Motion to Modify an Imposed Term of Imprisonment Pursuant to Title 18 § 3582 [Doc. No. 36] is DENIED; and Defendant's Motion to Modify Sentence [Doc. No. 40] is DENIED.

                                                      s/ Sean J. McLaughlin
                                                      United States District Judge

cm: All parties of record.